```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

BEVERLY E. SMITH                                    CIVIL ACTION

v.                                                  NO. 07-1748

REPUBLIC FIRE & CASUALTY COMPANY                    SECTION "F"

## ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

The plaintiff sued Republic for damages and penalties arising from Republic's alleged failure to pay for covered damages to plaintiff's Hurricane Katrina-damaged property.[1]

Smith had joined with a group of other Orleans Parish residents to sue their respective homeowners insurers; the suit was originally filed in the Civil District Court for the Parish of

---

[1] Attached to the original state court petition for damages, Ms. Smith described her claim as follows:

> Letter of representation sent on April 28, 2006. A proof of loss was sent on June 8, 2006 in the amount of $24,449 and updated on July 20, 2006 in the amount of $30,826.94. Defendant rejected the proof of loss on July 5, 2006 resulting in no payment.
> ...
> Petitioner's claims do not meet the jurisdictional requirement for an amount in controversy in excess of $75,000.00, and petitioner waives the right to seek any judgment in excess of $75,000.00.

1

Orleans.  The defendant insurance companies removed the suit to this Court and the suit was assigned to Section L.  The plaintiff group moved to remand.  However, before Judge Fallon ruled on the motion to remand, he granted the defendants' motion to sever and ordered each plaintiff to file an amended complaint so that he or she could proceed as an individual against his own insurer.  The newly-severed cases were allotted randomly; Smith's lawsuit was allotted to this Section.  In her amended petition, Smith alleges that she waives "the right to seek any judgment in excess of $75,000."

Ms. Smith now seeks a ruling on her motion to remand. She contends that the Court lacks subject matter jurisdiction because the jurisdictional amount in controversy is not met.

I.

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

2

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

Republic contends that this Court has diversity jurisdiction over this suit because the parties are completely diverse and the plaintiff seeks recovery in excess of $75,000. The parties are of diverse citizenship. The only dispute here is whether the amount-in-controversy requirement is met.

III.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiff from petitioning for a specified quantum. See La. Code Civ. P. art. 893(A)(1). Aside from her description of the claim submitted to Republic and her alleged waiver to seek more than $75,000, Ms. Smith's petition is otherwise silent regarding the quantum of damages. Where, as here, the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart

Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

It is not facially apparent from the plaintiff's complaint that her claims likely exceed $75,000.  Thus, the defendant must set forth facts in controversy that support a finding that the jurisdictional amount-in-controversy is met.  See id.  "Removal, however, cannot be based simply upon conclusory allegations."  See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted).  Here, the defendant has paid the plaintiff $3,564.45 under the policy for damage to dwelling and other structures.  Thereafter, the plaintiff provided the defendant with a proof of loss in the amount of $24,449.11 and then an updated inspection report, noting losses in the amount of $30,826.94.  Thus, the amount Ms. Smith claims that she was underpaid by her homeowners' insurer for wind damage is $27,262.49 (which is the amount claimed in the proof of loss less the amount already paid by Republic).

As the removing party, the defendant bears the burden to show that the amount in controversy *more likely than not* exceeds

$75,000. The defendant would have the Court assume that the $27,262.49 that plaintiff seeks to recover, plus the amount Ms. Smith may potentially recover in state law penalties, surpasses the jurisdictional amount-in-controversy threshold. The defendant has not carried its burden.[2]

Based on the plaintiff's allegations and the jurisdictional facts before the Court, Republic has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, September 11, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Another Section of this Court has reached this conclusion concerning similar claims severed from the group lawsuit brought in Civil District Court. See Gillard v. State Farm Fire & Casualty Co., No. 07-1764, 2007 WL 1551012 (E.D. La. May 23, 2007).